# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

ARCH INSURANCE COMPANY,     *

     Plaintiff,     *

     v.     *

     *    CV 510-096

CLEMENTS, PURVIS & STEWART, P.C.,     *

     Defendant.     *

### ORDER

Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Defendant's motion is **GRANTED**.

### BACKGROUND

In 2005 and 2006, Douglas Asphalt Company ("Douglas Asphalt"), a construction company, applied for Plaintiff to provide performance bonds for approximately thirty-six projects. Compl. ¶ 6, ECF No.1. As a precondition to issuing the bonds, Plaintiff asked Douglas Asphalt to provide Plaintiff's Underwriting Department with audited financial statements. Id.

1

at ¶ 7. Thus, Douglas Asphalt retained Defendant accounting firm to audit its financial statements for the 2004 and 2005 fiscal years. Id. at ¶ 8.

Ultimately, Douglas Asphalt had serious financial problems in October of 2006 and was unable to complete the obligations it owed under its construction contracts, causing Plaintiff to incur significant financial losses to complete the projects. Id. at ¶ 15. Plaintiff now sues Defendant, alleging that Defendant negligently made material misrepresentations in its audits for Douglas Asphalt, upon which Plaintiff relied to its financial detriment.

Plaintiff's Complaint raises claims for negligent misrepresentation (Count I) and attorney's fees and litigation expenses (Count II). Plaintiff seeks compensatory damages "for the financial losses incurred in assuming the contractual obligations of Douglas Asphalt on the projects caused by Defendant's negligent misrepresentations and/or negligent acceptance of misrepresentations contained in the audited financial statements." Id. at 12.

**DISCUSSION**

I. **Negligent Misrepresentation (Count I)**

A claim of negligent misrepresentation under Georgia law has three essential elements: (1) Defendant negligently supplied

2

false information to foreseeable persons, known or unknown; (2) such persons' reliance on that information was reasonable; and (3) economic injury proximately resulted from that reliance. Atwater v. Nat'l Football League Players Ass'n, ___ F.3d ___, No. 09-12556, 2010 WL 4721712, at *7 (11th Cir. Nov. 23, 2010) (citing Futch v. Lowndes Cnty., 676 S.E.2d 892, 896 (2009)).

Though Plaintiff need not "specifically plead every element" of a negligent misrepresentation claim, Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001), Plaintiff's Complaint must contain sufficient factual matter to state a claim that is plausible, and not just possible. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In assessing Plaintiff's Complaint under Rule 12(b)(6), the Court accepts as true all factual allegations contained therein, but is " 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Id. at 1949-50 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The Court will grant the motion to dismiss only if Plaintiff has failed to articulate enough facts "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 545.

Plaintiff's negligent misrepresentation claim is not supported by a significant factual basis to raise Plaintiff's right to relief above that level.  Specifically, Plaintiff offers nothing more than bare, conclusory allegations that Defendant was even negligent.  "The only real assertion of negligence in Plaintiff's Complaint," Def.'s Reply 6, ECF No. 17, is:

> Defendant, its auditors and professional staff were negligent in part by failing to conduct the necessary inquiries and perform proper audit tests to confirm and/or substantiate the profit and loss estimates for pending projects that were contained in Douglas Asphalt's financial statements.

Compl. ¶ 20.  Plaintiff's allegation is merely conclusory, however, because it fails to state any facts regarding what tests Defendant did or did not perform, or how Defendant deviated from the standard of care.

Furthermore, Plaintiff never alleges a misrepresentation — i.e., what information in the audited financial statements was inaccurate or constituted a misrepresentation.  A negligent misrepresentation claim cannot stand without an alleged misrepresentation.  In support of this proposition, Defendant cites Bailey v. Janssen Pharmaceutica, Inc., 288 F. App'x 597 (11th Cir. 2008).[1]  In Bailey, the Eleventh Circuit affirmed the

---

[1] Though Plaintiff argues Bailey is irrelevant because it was a failure-to-warn case, the Court finds it relevant for purposes of evaluating the sufficiency of a complaint.

district court's dismissal with prejudice of a plaintiff's strict liability claim for failure to warn, stating:

> In only one conclusory sentence, the complaint pleads the inadequacy of the warnings to doctors: "The defective patches were not accompanied by adequate instructions and/or warnings to fully apprise the prescribing physicians . . . of the full nature or extent of the risks and side effects associated with its use." Nowhere does the complaint recite the contents of the warning label or . . . otherwise describe the manner in which the warning was inadequate.

Id. at 608-09 (internal citation omitted). The warning label in Bailey is analogous to the audited financial statements in the instant case. Plaintiff's Complaint simply does not state what "opinions and information contained in" Defendant's audits it believes are misrepresentations. See Compl. at ¶ 13. The most Plaintiff's Complaint alleges is that Defendant is responsible for "material misrepresentations concerning Douglas Asphalt's financial condition," which is inadequate to transform Plaintiff's claim into something more than speculation. See Compl. at ¶ 23.

Plaintiff claims it received copies of Defendant's audits, and even relied on them, yet cannot articulate the very basis of its substantive claim of negligent misrepresentation. Plaintiff's claim, then, consists only of an unsupported legal conclusion that Defendant was negligent, which this Court is not obliged to accept as true. See Iqbal, 129 S. Ct. at 1949-50.

5

Where a Complaint lacks a sufficient factual basis upon which the Court could infer the existence of an essential element, dismissal is appropriate. Cf. Samuelson v. Lord, Aeck & Sergeant, Inc., 423 S.E.2d 268, 272 (Ga. Ct. App. 1992) ("To state a cause of action for negligence in Georgia, it is necessary to establish the essential elements of duty, breach of that duty, and proximate causation, as well as damages, as a basis for liability for the injuries of another."). Count I is therefore dismissed.[2]

## II. Attorney's Fees and Litigation Expenses (Count II)

Because the Court dismisses Plaintiff's underlying substantive claim, the Court must also dismiss Plaintiff's claim under O.C.G.A. § 13-6-11 for attorney's fees and litigation expenses. See United Cos. Lending Corp. v. Peacock, 475 S.E.2d 601, 602 (Ga. 1996) ("A prerequisite to any award of attorney fees under O.C.G.A. § 13-6-11 is the award of damages or other relief on the underlying claim."). Count II is therefore dismissed.

---

[2] Because Plaintiff's Complaint lacks a factual basis for the heart of its claim — a negligent misrepresentation — the Court need not address Defendant's other arguments for dismissal.

**CONCLUSION**

Defendant's Motion to Dismiss is hereby **GRANTED**. Plaintiff's Complaint is **DISMISSED** in its entirety. The Clerk of Court is instructed to close the case.

**SO ORDERED**, this 25th day of January, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)